UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
KENNEY, BECKER LLP and EUGENE BECKER, :
                                      :
            Plaintiffs,               :        06 Civ. 7634 (JSR)
                                      :
            -v-                       :        OPINION AND ORDER
                                      :
MARTIN S. KENNEY,                     :
                                      :
            Defendant.                :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        In cross motions, plaintiffs moved to remand this action to
state court and defendant moved to dismiss the action, compel
arbitration of the disputes raised in plaintiffs' complaint, and
enjoin plaintiffs from commencing further actions in federal or state
court without prior leave from this Court.  By Order dated November
3, 2006, the Court granted defendant's motion to dismiss and denied
all other motions.  This Memorandum Order briefly states the reasons
for those rulings and directs the entry of final judgment.

        By way of background, this is the second case before this
Court concerning the break-up of the "legal consultancy" partnership
Kenney, Becker LLP. Plaintiff Eugene Becker and defendant Martin
Kenney formed the firm in 1995, and Becker and Kenney were its sole
partners from inception in 1995 to dissolution in February 2005.  The
parties' relationship was governed by a partnership agreement
(including various amendments thereto), which contained an
arbitration clause that provided that "[a]ny controversy or claim
arising out of or relating to this agreement shall only be settled by

arbitration . . . and shall be enforceable in any court having competent jurisdiction." Notice of Removal Ex. 1 at 16.

The prior action, 06 Civ. 2975, which plaintiffs commenced in state court and which defendant removed to this Court, sought, <u>inter alia</u>, a declaratory judgment requiring defendant to provide plaintiffs with an accounting of all legal services provided by him subsequent to July 1996. By Order dated June 2, 2006, the Court placed the prior action on the suspense calendar pending the conclusion of an arbitration that had already been initiated to address such matters. Without missing a beat, plaintiffs then initiated this action on June 30, 2006 in the Supreme Court of the State of New York, County of New York, seeking a declaratory judgment that defendant is obligated to identify for plaintiffs all persons and entities for whom he provided legal services while a partner at Kenney, Becker LLP. Defendant then removed this new action to this Court.

Whereas the prior action sought an accounting to determine whether plaintiffs were entitled to a portion of any compensation for legal services provided by Kenney, the instant action seeks information concerning individuals and entities whom Kenney represented, purportedly on the ground that, without such information, plaintiffs are at risk of violating New York State's Lawyer's Code of Professional Responsibility. The Code of Professional Responsibility applies to legal consultants as well as lawyers, <u>see</u> N.Y. R. A. Ct. § 521.4, and prohibits legal consultants

from representing persons whose interests are materially adverse to the interests of a former client in the same or substantially related matter without the former client's consent.  See Complaint ¶ 13. Plaintiffs claim that since the Code of Professional Responsibility imputes the personal conflict of interest of the lawyer to his firm, they need the identity of all of defendant's clients (along with the nature and terms of any retainer agreements and the nature and substance of any legal services provided or intended to be provided through the date of the dissolution of the partnership), allegedly so as to avoid violating the conflict of interest provisions.

       In their motion to remand, plaintiffs argue that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. § 201 et. seq (the "Convention"), the sole basis for removal, does not provide federal jurisdiction over this case because the dispute involves the parties' professional responsibilities to one another and therefore is not "commercial" in nature.  This argument misreads the Convention.  A defendant may remove an action to federal court where the subject matter of the action "relates to an arbitration agreement or award falling under the Convention."  9 U.S.C. § 205.  Whether an agreement "falls under" the Convention depends on the commercial nature of the parties' relationship -- not the specific dispute:

       An arbitration agreement or arbitral award arising out
       of a legal relationship, whether contractual or not,
       which is considered as commercial. . . falls under the
       Convention.

3

9 U.S.C. § 202.  Plaintiff has not persuaded the Court that Kenney and Becker, as a partners in a legal consultancy business, had a relationship that was anything other than commercial.  Although the Code of Professional Responsibility imputes professional obligations on the parties, it does so *because of* their commercial relationship as partners.  The Kenney, Becker LLP partnership agreement arises out of this commercial relationship and therefore falls under the Convention pursuant to 9 U.S.C. § 202.

In their argument to the contrary, plaintiffs rely on <u>Matter of the Arbitration Between R3 Aerospace, Inc. and Marshall of Cambridge Aerospace Ltd.</u>, 927 F. Supp. 121 (S.D.N.Y. 1996), which appears to look to the commerciality of the dispute, rather than the relationship, in determining whether the Convention applies.  <u>Id.</u> at 123.  Unlike the instant dispute, however, the question underlying <u>R3 Aerospace</u> -- whether counsel to one of the parties was conflicted out of the arbitration because of an alleged conflict of interest -- was one incapable of resolution by arbitration.  <u>See id.</u> at 124 ("We only note that the Convention does not apply to non-arbitrable disputes, such as a state court proceeding to disqualify counsel from an arbitration proceeding, and we therefore hold that the removal statute of the Convention, 9 U.S.C. § 205, may not serve as the basis for this court's jurisdiction.").[1]  Here, plaintiffs justify their

---

[1] By its own terms, the Convention applies to agreements "under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship. . . concerning a subject matter capable of settlement by arbitration."  9 U.S.C. § 201, Art. II.

4

demand for information by reference to their own obligations under the Code of Professional Responsibility.  Distinct from R3 Aerospace, plaintiffs do not actually seek enforcement of the Code in this action.  Indeed, were plaintiffs alleging a violation of the Code of Professional Responsibility, this matter would not only be non-arbitrable, it would also be incapable of resolution by the Supreme Court of New York, where plaintiffs seek to remand this action.  See, e.g., Henry v. New York State Com'n of Investigation, 535 N.Y.S.2d 859, 867 (N.Y.Sup. 1988) ("[A] declaratory judgment cannot be granted because any charges of professional misconduct must first be referred to the appropriate Appellate Division and/or Grievance Committee.")  Thus, because plaintiff's demand for information does not constitute a non-arbitrable dispute, it falls outside the holding of R3 Aerospace.  Plaintiffs' motion for remand is hereby denied.

        That said, the instant action does suffer from a jurisdictional flaw, to wit, the absence of a case or controversy.  Plaintiffs concede that defendant has yet to refuse to provide them with any specific information concerning a prospective business endeavor;  indeed, there are currently no particular prospective business endeavors for which plaintiffs require information.  See transcript 10/30/06 at 6.  Thus, plaintiffs cannot point to an actual or imminent injury in fact, an "indispensable part" of plaintiffs' case.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Rather, plaintiffs anticipate that Mr. Becker may be approached by potential clients and be "at jeopardy" of not knowing whether he has a conflict.  Transcript 10/30/06 at 7.  Without a more specific and

pressing need for information, however, plaintiffs do not present the Court with a question that it can adjudicate.  See 28 U.S.C. § 2201 ("In a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . .")(emphasis added).

Consequently, defendant's motion to dismiss must be granted, and defendant's alternative motion to compel arbitration must be denied as moot.

Turning, finally, to defendant's remaining motion for an injunction to prohibit plaintiffs, without prior leave of the Court, from commencing any additional actions arising out of the Kenney, Becker LLP partnership agreement, the Court concludes that, even though it has jurisdiction to issue such an injunction pursuant to its supervisory powers, such action is not warranted at this time. It is true that plaintiffs' legal theory on which they premised their complaint was deeply flawed;  and it is also true that plaintiffs' "real" purpose in bringing this action, coming right on the heels of the setback in the earlier action, is highly suspect.  Nevertheless the Court cannot say that plaintiff's theory was so frivolous as not to be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2).  Further, the number of plaintiffs' lawsuits -- two -- is not so vexatious as to rise to the levels previously found by this Circuit to justify injunctive relief in such circumstances.  See, e.g. Safir v. U.S.

6

Lines, Inc., 792 F.2d 19, 23-24 (2d Cir. 1986) (11 lawsuits); Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525 (2d Cir. 2005)(over 15 lawsuits).  At this stage, the Court has no reason to believe that plaintiffs' counsel would persist in filing yet another lawsuit arising out of the same partnership disputes.  See Safir v. U.S. Lines, Inc., 792 F.2d at 24 ("Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.").  Were plaintiffs to commence another such action, however, the Court would be inclined reconsider whether injunctive or other relief would be proper.

For the reasons set forth above, defendant's motion to dismiss is hereby granted, all other motions are hereby denied, and the Clerk of the Court is directed to enter judgment dismissing the case for lack of jurisdiction.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        July 13, 2007

7